1

2

3

4

5          UNITED STATES DISTRICT COURT

6          EASTERN DISTRICT OF WASHINGTON

7    DANIELLE R. MARAGOS,

                                                    NO: 1:15-CV-67-RMP
8                          Plaintiff,
         v.                                         ORDER GRANTING PLAINTIFF'S
9                                                   MOTION FOR SUMMARY
     CAROLYN W. COLVIN, Acting                      JUDGMENT
10   Commissioner of the Social Security
     Administration,
11
                           Defendant.
12

13        BEFORE THE COURT are Plaintiff Danielle R. Maragos' Motion for

14   Summary Judgment, **ECF No. 11**, and Defendant Carolyn W. Colvin's Motion for

15   Summary Judgment, **ECF No. 15**.  The Court has reviewed the motions and the

16   administrative record and is fully informed.

17                              **BACKGROUND**

18        Danielle R. Maragos protectively filed applications for Supplemental

19   Security Income (SSI) and Disability Insurance Benefits (DIB) on September 30,

20   2011, alleging disability since August 22, 2011, due to mental illness, bipolar

21   disorder with hypomania, and arthritis in her back.  ECF No. 8-5 at 2-17, ECF No.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 1

8-6 at 22, Tr. 161-176, 208.  The applications were denied initially and upon

reconsideration.  ECF No. 8-4 at 2-5, 8-11, Tr. 109-112, 115-118.  Ms. Maragos

requested a hearing on June 19, 2012.  ECF No. 8-4 at 14-15, Tr. 121-122.

Administrative Law Judge (ALJ) Marie Palachuk held a hearing on August 13,

2013, at which Ms. Maragos, represented by counsel, Darius Ghazi, M.D. (medical

expert), Jay M. Toews, Ed.D. (psychological expert) and K. Diane Kramer

(vocational expert) testified.   ECF No. 8-2 at 25-57, Tr. 24-56.

    The ALJ issued an unfavorable decision on September 6, 2013, finding Ms.

Maragos was not disabled as defined in the Social Security Act.  ECF No. 8-2 at

11-21, Tr. 10-20.  The ALJ found that Ms. Maragos had not engaged in substantial

gainful activity since August 22, 2011, the alleged date of onset.  ECF No. 8-2 at

13, Tr. 12.  Further, the ALJ determined that Ms. Maragos had the following

severe impairments:  chronic low back pain, major depressive disorder, generalized

anxiety disorder, and opioid addiction, in extended full remission by self-report.

*Id*.

    However, the ALJ found that Ms. Maragos did not have an impairment or

combination of impairments that met or medically equaled the severity of one of

the listed impairments.  ECF No. 8-2 at 15-16, Tr. 14-15.  The ALJ further found

that Ms. Maragos had the residual function capacity (RFC) to perform a range of

light work with the following limitations:

> she can only occasionally stoop, or climb stairs, ropes, ladders, or
> scaffolds. She should also avoid even moderate exposure to hazards.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 2

> She is able to understand, remember and carry out simple, routine, repetitive instructions involving up to 3-step commands, and she is able to maintain attention and concentration for 2-hour intervals between regularly scheduled breaks, but she should have no interactions with the public.

ECF No. 8-2 at 16, Tr. 15.

The ALJ identified Ms. Maragos' past relevant work as a sales clerk, a telephone solicitor, and a sales agent in finance.  ECF No. 8-2 at 19-20, Tr. 18-19.  Given Ms. Maragos' age, education, work experience, and RFC, the vocational expert testified that she was not able to perform her past relevant work.  *Id*.  Next, the ALJ found that, considering Ms. Maragos' age, education, work experience and RFC, and based on the testimony of the vocational expert, there were other jobs that exist in significant numbers in the national economy that Ms. Maragos could perform, including the jobs of office cleaner I, mail clerk, and electronics assembler.  ECF No. 8-2 at 21, Tr. 20.

Thus, the ALJ concluded that Ms. Maragos was not under a disability within the meaning of the Social Security Act at any time from August 22, 2011, through the date of the ALJ's decision.  ECF No. 8-2 at 21, Tr. 20.

Ms. Maragos filed a request for review by the Appeals Council, which was denied on January 15, 2015.  ECF No. 8-2 at 2-5, Tr. 1-4.  Ms. Maragos filed a complaint in the District Court for the Eastern District of Washington on March 13, 2015.  ECF No. 1, 3.  The Commissioner answered the complaint on June 5, 2015.  ECF No. 7.  This matter is therefore properly before the Court pursuant to

42 U.S.C. § 405(g).  Ms. Maragos filed a motion for summary judgment on September 29, 2015.  ECF No. 11.  The Commissioner filed a cross motion for summary judgment on December 17, 2015.  ECF No. 15.

### STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties.  They are only briefly summarized here.  Ms. Maragos was 27 years old at the alleged date of onset, August 22, 2011.  ECF No. 8-5 at 2, Tr. 161.  She received her GED in 2008.  ECF No. 8-6 at 23, Tr. 209.  Ms. Maragos reported she stopped working in April of 2009 because she was pregnant and put on bed rest.  ECF No. 8-6 at 22, Tr. 208.  She then alleged that her impairments became severe enough to keep her from working by August 22, 2011.  *Id.*

### STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's final decision.  42 U.S.C. § 405(g).  A reviewing court must uphold the Commissioner's decision, determined by an ALJ, when the decision is supported by substantial evidence and not based on legal error.  *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).  Substantial evidence is more than a mere scintilla, but less than a preponderance.  *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975).  Substantial evidence "means such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation omitted).

The reviewing court should uphold "such inferences and conclusions as the [Commissioner] may reasonably draw from the evidence." *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a whole, not just the evidence supporting the Commissioner's decision. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989); *see also Green v. Heckler*, 803 F.2d 528, 530 (9th Cir. 1986) ("This court must consider the record as a whole, weighing both the evidence that supports and detracts from the [Commissioner's] conclusion."). "[T]he key question is not whether there is substantial evidence that could support a finding of disability, but whether there is substantial evidence to support the Commissioner's actual finding that claimant is not disabled." *Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997).

It is the role of the trier of fact, not the reviewing court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the reviewing court may not substitute its judgment for that of the Commissioner. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229–30 (9th Cir. 1987).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 5

## SEQUENTIAL PROCESS

Under the Social Security Act (the "Act"),

an individual shall be considered to be disabled . . . if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 1382c(a)(3)(A).  The Act also provides that a claimant shall be determined to be under a disability only if her impairments are of such severity that the claimant is not only unable to do her previous work but cannot, considering the claimant's age, education, and work experience, engage in any other substantial gainful work which exists in the national economy.  42 U.S.C. § 1382c(a)(3)(B).  "Thus, the definition of disability consists of both medical and vocational components."  *Edlund v. Massanari,* 253 F.3d 1152, 1157 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled.  20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4).  Step one determines if the claimant is engaged in substantial gainful activities.  If the claimant is engaged in substantial gainful activities, benefits are denied.  20 C.F.R. §§ 404.1520(a)(4)(i) and 416.920(a)(4)(i).

If the claimant is not engaged in substantial gainful activities, the ALJ, under step two, determines whether the claimant has a medically severe impairment or combination of impairments.  If the claimant does not have a severe impairment or

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 6

combination of impairments, the disability claim is denied.  20 C.F.R. §§ 404.1520(a)(4)(ii) and 416.920(a)(4)(ii).

If the impairment is severe, the evaluation proceeds to step three, which compares the claimant's impairment to a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii) and 416.920(a)(4)(iii); see also 20 C.F.R. §§ 404, Subpt. P, App. 1 and 416, Subpt. I, App. 1.  If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.  20 C.F.R. §§ 404.1520(a)(4)(iii) and 416.920(a)(4)(iii).

Before proceeding to step four, the claimant's RFC is assessed.  20 C.F.R. §§ 404.1545(a)(1) and 416.945(a)(1).  An individual's RFC is the ability to do physical and mental work activities on a sustained basis despite limitations from any impairments.  20 C.F.R. §§ 404.1545(a)(1) and 416.945(a)(1).

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to step four, where the ALJ determines whether the impairment prevents the claimant from performing work she has performed in the past.  If the claimant is able to perform her previous work, the claimant is not disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv) and 416.920(a)(4)(iv).

If the claimant cannot perform her previous work, the final step considers whether the claimant is able to perform other work in the national economy in light

1    of her RFC, age, education, and past work experience.  20 C.F.R. §§

2    404.1520(a)(4)(v) and 416.920(a)(4)(v).

3        At step five, the burden shifts to the Commissioner to show that (1) the

4    claimant can make an adjustment to other work, and (2) specific jobs exist in the

5    national economy which the claimant can perform.  *Batson v. Comm'r of Soc. Sec.*

6    *Admin.*, 359 F.3d 1190, 1193-1194 (2004).

7                                      **ISSUES**

8        Ms. Maragos alleges that the ALJ committed reversible error by (1) failing

9    to properly evaluate whether her mental impairments met or medically equaled a

10   listing at step three, (2) failing to properly weigh the medical source opinions in the

11   record, and (3) failing to consider all her limitations in the RFC determination.

12   **I.    Step Three**

13       Ms. Maragos asserts that the ALJ failed to evaluate the evidence and

14   properly analyze her mental impairments under listings 12.04 and 12.06 at step

15   three of the sequential evaluation process.  ECF No. 11 at 14-19.

16       A claimant is conclusively disabled if her condition either meets or

17   medically equals a listed impairment, without any specific finding as to the

18   claimant's ability to perform her past relevant work or any other jobs.  20 C.F.R. §

19   404.1520(d).  In determining whether a claimant with a mental impairment meets a

20   listed impairment, the ALJ considers: (1) whether specified diagnostic criteria

21   ("paragraph A" criteria) are met; and (2) whether specified functional restrictions

are present ("paragraph B" criteria).  20 C.F.R. § 404.1520a(b).  The claimant's mental impairment must satisfy both the paragraph A and paragraph B criteria or the paragraph C criteria alone to meet the listings.  20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 12.04, 12.06.

A claimant who satisfies the diagnostic criteria contained in the listing for "Affective Disorders" or "Anxiety Related Disorders" must be found disabled, if her condition results in two or more of the following functional limitations:

1. Marked restriction in activities of daily living.

2. Marked difficulties in maintaining social functioning

3. Deficiencies of concentration, persistence, or pace resulting in frequent failure to complete tasks in a timely manner (in work settings or elsewhere)

4. Repeated episodes of deterioration or decompensation in work or work-like settings which cause the individual to withdraw from that situation or to experience exacerbation of signs and symptoms (which may include deterioration of adaptive behaviors).

20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 12.04.B, 12.06.B.  The purpose of the functional criteria contained in paragraph B is to measure the severity of the claimant's impairment.  *Id*. § 12.00.C.  These criteria "describe impairment-related functional limitations that are incompatible with the ability to do any gainful activity."  *Id*. § 12.00.A.

The ALJ is required to evaluate the relevant evidence prior to concluding that a claimant's impairments do not meet or equal a listed impairment.  *Lewis v.*

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 9

1    *Apfel*, 236 F.3d 503, 512 (9th Cir. 2001).  "A boilerplate finding is insufficient to

2    support a conclusion that a claimant's impairment does not do so."  *Id*.

3          In her decision, the ALJ considered listings 1.04, 12.04, 12.06, and 12.09.

4    ECF No. 8-2 at 15, Tr. 14.  In her consideration of listings 12.04 and 12.06, the

5    ALJ failed to discuss a single piece of medical evidence.  *Id*.  Instead, the ALJ

6    concluded that Ms. Maragos failed to meet the criteria in paragraph B and

7    paragraph C of the listings without any mention of the paragraph A criteria.  *Id*.

8    Thus, the ALJ failed to evaluate the relevant evidence prior to concluding that Ms.

9    Maragos did not meet or equal a listing as required under *Lewis*.

10          The Commissioner argues that any resulting error from this failure on the

11   part of the ALJ is harmless because the RFC determination was supported by

12   substantial evidence and adequately accounted for Plaintiff's mental limitations.

13   ECF No. 15 at 14-15.  But, the step three evaluation is separate from the RFC.  If a

14   person meets or equals a listing, it is not necessary for the ALJ to continue through

15   the sequential evaluation process, therefore an RFC determination is not necessary.

16   20 C.F.R. § 404.1520(d)-(e).  Had a proper step three determination been made,

17   there may not have been a need to continue with a RFC determination.

18          Furthermore, the ALJ noted in her decision that the functional limitations

19   assessed as part of the paragraph B criteria under step three were not a RFC, but

20   were only used to rate the severity of mental impairments at steps two and three.

21   ECF No. 10-2 at 16, Tr. 15.  Therefore, even the ALJ recognized that the step three

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 10

evaluation was separate from the RFC.  As such, the Commissioner's assertion that any error at step three was harmless because the RFC determination was supported by substantial evidence is without merit.

The Court finds the case should be remanded for further evaluation of the evidence at step three of the sequential evaluation process.

**II.    Medical Source Opinions**

Ms. Maragos argues that the ALJ failed to properly consider and weigh the medical opinion expressed by Mahlon Dalley, Ph.D., Darius Ghazi, M.D., Gordon Hale, M.D., and Jay M. Toews, Ed.D. ECF No. 11 at 4-14, 16-17.

In weighing medical source opinions, the ALJ should distinguish between three different types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and, (3) nonexamining physicians who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  The ALJ should give more weight to the opinion of a treating physician than to the opinion of an examining physician.  *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007).  The ALJ should give more weight to the opinion of an examining physician than to the opinion of a nonexamining physician.  *Id.*

When a treating physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991).  When a treating

physician's opinion is contradicted by another physician, the ALJ is only required

to provide "specific and legitimate reasons" for rejecting the opinion.  *Murray v.*

*Heckler*, 722 F.2d 499, 502 (9th Cir. 1983).  Likewise, when an examining

physician's opinion is not contradicted by another physician, the ALJ may reject

the opinion only for "clear and convincing" reasons.  *Lester*, 81 F.2d at 830.  When

an examining physician's opinion is contradicted by another physician, the ALJ is

only required to provide "specific and legitimate reasons" for rejecting the opinion.

*Id*. at 830-831.

The specific and legitimate standard can be met by the ALJ setting out a

detailed and thorough summary of the facts and conflicting clinical evidence,

stating her interpretation thereof, and making findings.  *Magallanes v. Bowen*, 881

F.2d 747, 751 (9th Cir. 1989).  The ALJ is required to do more than offer her

conclusions, she "must set forth [her] interpretations and explain why they, rather

than the doctors', are correct."  *Embrey v. Bowen*, 849 F.2d 418, 421-422 (9th Cir.

1988).

### 1.    Mahlon Dalley, Ph.D.

Dr. Dalley completed two psychological evaluations on Ms. Maragos at the

request of the Washington Department of Social and Health Services (DSHS).

ECF No. 8-7 at 6-13, 118-123, Tr. 240-247, 352-357.  On August 19, 2011, Dr.

Dalley conducted an evaluation and testing, including a mental status exam, Trails

A and B testing, and a Minnesota Multiphasic Personality Inventory-2 (MMPI-2).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 12

ECF No. 8-7 at 6-13, Tr. 240-247.  Dr. Dalley diagnosed Ms. Maragos with major depressive disorder, generalized anxiety disorder, opioid dependence on agonist therapy, personality disorder, and a rule out of bipolar disorder.  ECF No. 8-7 at 7-8, Tr. 241-242.  Dr. Dalley opined that Ms. Maragos had a severe[1] limitation in the ability to communicate and perform effectively in a work setting with public contact and a marked[2] limitation in the ability to perform routine tasks without undue supervision, the ability to communicate and perform effectively in a work setting with limited public contact, and to maintain appropriate behavior in a work setting.  ECF No. 8-7 at 8-9, Tr. 242-243.

On June 20, 2012, Dr. Dalley completed a second evaluation, which included a review of the August 2011 evaluation, a mental status exam, Trails A and B testing, and a MMPI-2.  ECF No. 8-7 at 122, Tr. 356.  Dr. Dalley diagnosed Ms. Maragos with major depressive disorder, general anxiety disorder, opioid dependency on agonist therapy, and a rule out of bipolar disorder.  ECF No. 8-7 at 118, Tr. 352.  Dr. Dalley stated that "[d]ue to the chronic nature of Ms. Maragos's current depression, health concerns, and anxiety, it is not likely that her condition

---

[1]A severe limitation was defined as the "inability to perform one or more basic work related activities.  ECF No. 8-7 at 8, Tr. 242.

[2]A marked limitation was defined as a "[v]ery significant interference."  ECF No. 8-2 at 8, Tr. 242.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 13

1    will improve within the next 12 months.  Therefore, it is recommended she be

2    placed on the SSI track."  ECF No. 87- at 120, Tr. 354.

3         The ALJ gave Dr. Dalley's assessments "little weight" because (1) DSHS

4    used difference regulations, (2) DSHS used difference definitions of "marked" for

5    assessing mental disorders, (3) DSHS had different standards and objectives than

6    the Social Security Administration, (4) the assessments were largely based on Ms.

7    Maragos' self-reported symptoms and complaints, (5) since the evaluation was

8    conducted for the purpose of continuing state assistance, Ms. Maragos had an

9    incentive to overstate her symptoms and complaints, (6) the evaluation forms were

10   completed by checking boxes and contained few objective findings to support the

11   degree of limitation opined, and (7) Dr. Dalley's opinion was inconsistent with her

12   own examination of Ms. Maragos.  ECF No. 8-2 at 19, Tr. 18.

13        First, the ALJ was accurate that these evaluations were performed for the

14   purpose of qualifying for DSHS benefits.  The Court acknowledges that the final

15   responsibility for deciding the issue of disability is reserved to the Commissioner.

16   S.S.R. 96-5p; 20 C.F.R. § 416.927(d).  However, "our rules provide that

17   adjudicators must always carefully consider medical source opinions about any

18   issue, including opinions about issues that are reserved to the Commissioner."

19   S.S.R. 96-5p.  The regulations require every medical opinion to be evaluated,

20   regardless of its source.  20 C.F.R. § 416.927(c).  Furthermore, the purpose for

21

1  which medical reports are prepared does not provide a legitimate basis for rejecting

2  them.  *Lester*, 81 F.3d at 832.

3       Although Dr. Dalley's assessments were prepared for the purpose of

4  evaluating eligibility for DSHS benefits, the medical opinions which are the bases

5  of the reports must be considered by the ALJ.  Therefore, the fact that DSHS used

6  different regulations, different definitions, and different standards or objectives is

7  irrelevant.  Dr. Dalley's diagnoses were made in accord with the DSM-IV-TR,

8  which was the standard diagnostic criteria at the time, and the definitions for

9  severity of limitations opined was provided on the evaluation.  ECF No. 8-7 at 7,

10  118, Tr. 241, 352.  Therefore, the first three reasons provided by the ALJ for

11  rejecting Dr. Dalley's opinion are not legally sufficient.

12       The forth reason the ALJ provided for rejecting Dr. Dalley's opinion, that it

13  was based on Ms. Maragos' self-reports, is not a legally sufficient reason to reject

14  his opinion.  A doctor's opinion may be discounted if it relies on a claimant's

15  unreliable self-report.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005);

16  *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).  But the ALJ must

17  provide the basis for his conclusion that the opinion was based on a claimant's

18  self-reports.  *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014).  Here, the

19  ALJ failed to discuss why she determined that Dr. Dalley's opinion was based on

20  Ms. Maragos' self-reports and not on the testing and observations made at the

21

1  evaluations.  Therefore, this reason is not legally sufficient to reject Dr. Dalley's

2  opinion.

3        The fifth reason the ALJ provided for rejecting Dr. Dalley's opinion, that

4  since the evaluation was conducted in order to continue state assistant, Ms.

5  Maragos had incentive to overstate her conditions and symptoms, is not legally

6  sufficient.  While, as discussed above, a provider's reliance on the statements of a

7  claimant who has been deemed less than fully credible may be a reason for

8  rejecting the provider's opinion, the mere presence of the incentive to overstate, or

9  otherwise misrepresent one's impairments, is not.  In every evaluation for the

10  purpose of qualifying for benefits, whether they be state assistance, worker's

11  compensation, or social security, there is an incentive to present one's impairments

12  greater then they may be.  The ALJ must rely on actual evidence that a claimant

13  misrepresented herself or overstated her impairments at the evaluation.  Here the

14  ALJ failed to provide a single citation to evidence in the record showing that Ms.

15  Maragos had misrepresented herself or overstated her impairments at the

16  evaluation with Dr. Dalley.  The presence of an incentive alone is not enough.

17        The sixth reason the ALJ provided for rejecting Dr. Dalley's opinion was

18  that it was provided on a check-the-box form and contained few objective findings

19  to support the degree of limitation opined.  The Ninth Circuit has expressed a

20  preference for individualized medical opinion over check-the-box reports.  *See*

21  *Murray*, 722 F.2d at 501.  The rationale for the preference is that check-the-box

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 16

1   forms do not contain an explanation for the basis of the provider's conclusion. *Id.*;

2   *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996).

3       Here, while the opinion was provided on a check-the-box form, the form

4   was accompanied by a detailed evaluation and psychological testing. ECF No. 8-7

5   at 6-13, Tr. 240-247. Additionally, under each limitation Dr. Dalley included a

6   rationale for his opinion. ECF No. 8-7 at 8-9, Tr. 2424-243. For example, under

7   his opinion that Ms. Maragos had a marked limitation in the ability to perform

8   routine tasks without under supervisions, Dr. Dalley stated "See Narrative

9   Addendum. Valid MMPI-2, code type 8-7, depressed, anxious, worried, agitated,

10  and tense." ECF No. 8-7 at 8, Tr. 242. Therefore, the ALJ's reason for rejecting

11  the opinion is not supported by substantial evidence and not legally sufficient.

12      The final reason the ALJ provided for rejecting Dr. Dalley's opinion, that it

13  was inconsistent with the objective findings of the evaluation, is also not a legally

14  sufficient reason. An ALJ may cite to internal inconsistencies in evaluating a

15  physician's report. *Bayliss*, 427 F.3d at 1216. The ALJ determined that Dr.

16  Dalley's opinion was inconsistent with her evaluation showing good memory,

17  average mental control, mild attention impairment, and the ability to obey simple

18  commands and cited to Exhibit 7F in support. ECF No. 8-2 at 19, Tr. 18. First,

19  Exhibit 7F is the June 20, 2012, evaluation, but Dr. Dalley's functional opinion

20  was provided in August of 2011. A finding made ten months after an opinion

21  cannot be used to undermine the reliability of the original opinion. After that

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 17

1  length of time, any change in functional level does not represent a contradiction to

2  the original opinion, but instead a change in severity of symptoms with time.

3  Furthermore, the ALJ fails to address how Dr. Dalley's finding of good memory,

4  average mental control, mild attention impairment, and the ability to obey simple

5  commends is inconsistent with Dr. Dalley's August 2011 opinion. *See Embrey*,

6  849 F.2d at 421-422 (The ALJ is required to do more than offer her conclusions,

7  she "must set forth [her] interpretations and explain why they, rather than the

8  doctors', are correct"). Therefore, the ALJ's reason is not legally sufficient to

9  reject Dr. Dalley's opinion.

10      The ALJ failed to provide legally sufficient reasons to reject Dr. Dalley's

11  opinion. Therefore, on remand, the ALJ is instructed to reconsider the opinion.

12      **2.    Remaining Medical Source Opinions**

13      In addition to Dr. Dalley's opinion, Ms. Maragos asserts that the ALJ erred

14  in evaluating the opinions of Darius Ghazi, M.D., Gordon Hale, M.D., and Jay M.

15  Toews, Ed.D. ECF No. 11 at 4-14, 16-17. Considering the case is being remanded

16  for the above reasons, the ALJ is instructed to readdress the weight provided to Dr.

17  Ghazi, Dr. Hale, and Dr. Toews on remand.

18  **III.    RFC**

19      Ms. Maragos challenges the RFC determination arguing that the ALJ failed

20  to take into account all of her functional limitations, including those opined by Dr.

21  Dalley. ECF No. 11 at 19-20.

A claimant's RFC is "the most [a claimant] can still do despite [her] limitations."  20 C.F.R. § 416.945(a); *see also* 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(c) (defining RFC as the "maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs.").  In formulating a RFC, the ALJ weighs medical and other source opinions and also considers the claimant's credibility and ability to perform daily activities.  See, e.g., *Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1226 (9th Cir. 2009).

Considering the case is being remanded for the ALJ to readdress the opinion of Dr. Dalley and other medical source opinions provided in the record, the ALJ is instructed to make a new RFC determination.

## REMEDY

Further proceedings are necessary for the ALJ to determine if Ms. Maragos has an impairment or combination of impairments that meet or medically equal a listing, to evaluate and weigh medical source opinions, and to form a new RFC determination.  The ALJ will also need to supplement the record with any outstanding or additional medical evidence and, if necessary, elicited testimony from a psychological expert and a vocational expert.

/ / /

/ / /

/ / /

1

## CONCLUSION

2      Accordingly, **IT IS ORDERED**:

3      1.    Defendant's Motion for Summary Judgment, **ECF No. 15**, is

4  **DENIED**.

5      2.    Plaintiff's Motion for Summary Judgment, **ECF No. 11,** is

6  **GRANTED**, and the matter is **REMANDED** to the Commissioner for additional

7  proceedings consistent with this Order.

8      3.    Application for attorney fees may be filed by separate motion.

9      The District Court Clerk is directed to file this Order and provide a copy to

10  counsel for Plaintiff and Defendant.  **Judgment shall be entered for Plaintiff** and

11  the file shall be **CLOSED**.

12      **DATED** this 25th day of March 2016.

13

14                    *s/ Rosanna Malouf Peterson*
                     ROSANNA MALOUF PETERSON

15                     United States District Judge

16

17

18

19

20

21

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 20